UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JEROME ROBERTS,** | Civil Action No. 20-2393 (FLW) |
| Petitioner, | |
| v. | **MEMORANDUM AND ORDER** |
| **UNITED STATES OF AMERICA,** | |
| Respondent. | |

This matter has been opened to the Court by Petitioner Jerome Roberts's filing of a habeas corpus petition, purportedly pursuant to 28 U.S.C. § 2241.  Petitioner is a federal pretrial detainee, *See U.S. v. Taylor, et. al,* Crim Act. No. 19-0013, and seeks a "private remedy" to be released from Monmouth County Correctional Facility.[1]

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000).  Rule 4 requires a district court to examine a habeas petition prior to ordering an answer and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *See* Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b). Dismissal without the filing of an answer is warranted "if it appears on the face of the petition that petitioner is not entitled to relief." *Id.*; *see also McFarland*, 512 U.S. at 856.

---

[1] Petitioner's motion for pretrial release was denied on April 28, 2020.  *See U.S. v. Taylor, et. al*, Crim. Act. No. 19-134 at No. 487.

The instant petition consists of a legal preamble and copies of purported "contracts" between Petitioner and the government, both of which are hallmarks of the so-called "sovereign citizen" movement. The Court has screened the petition for dismissal and determined that the petition and request for release are patently frivolous. *See Cofield v. United States*, Civil Action No. 14-2637 (RMB), 2014 WL 1745018, at *2 (D.N.J. Apr. 30, 2014) (characterizing § 2241 claims based on redemptionist/sovereign-citizen beliefs as an abuse of the writ). *See generally Smithson v. York Cty. Ct. of Common Pleas*, Civil Action No. 1:15-cv-01794, 2016 WL 4521854, at *1 n.1 (M.D. Pa. Aug. 3, 2016) (discussing hallmarks of specious "redemptionist" or "sovereign citizen" claims, including characterization of laws of general applicability and court rulings as "contracts" between the government and the litigant).

As such, the Petition is dismissed at screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b), and the matter shall be closed.

**IT IS THEREFORE**, on this  13th  day of January 2021,

**ORDERED** that the Petition is dismissed at screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b); and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Memorandum and Order to Petitioner at the address on file and CLOSE this matter accordingly.

*s/Freda L. Wolfson*
Freda L. Wolfson
U.S. Chief District Judge